[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 206.]

THE STATE EX REL. ROCK, APPELLANT, *v.* SCHOOL EMPLOYEES RETIREMENT BOARD, APPELLEE.

[Cite as *State ex rel. Rock v. School Emp. Retirement Bd.*, 2002-Ohio-3957.]

*Appellate procedure—Court of appeals' decision in mandamus action ordering cause returned to magistrate for a determination on the merits appealed to Supreme Court—Appeal dismissed by Supreme Court for want of prosecution—Dismissal of mandamus action by court of appeals for lack of jurisdiction reversed and cause remanded to court of appeals for a consideration of the merits of relator's mandamus action.*

(No. 2002-0278—Submitted July 24, 2002—Decided August 21, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-1474.

_____

**Per Curiam.**

{¶1} Appellant, Jacalyn A. Rock, was employed as a school bus driver for the Parma City School District. On July 31, 1998, appellee, School Employees Retirement Board, denied Rock's application for disability retirement benefits.

{¶2} On December 22, 1999, Rock filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel the board to vacate its decision denying her application for disability retirement benefits and to grant her those benefits. On May 31, 2000, a magistrate issued a decision recommending that the court of appeals grant a writ of mandamus ordering the board "to vacate its decision denying [Rock's] disability retirement and issue a new decision granting or denying the benefits after identifying what medical evidence [the board] has relied upon in providing the reasoning for its decision." On December 26, 2000, the court of appeals sustained the board's objections to the magistrate's decision and ordered that the cause be returned to the magistrate for a determination on the

merits. On January 11, 2001, the court of appeals filed a nunc pro tunc journal entry reiterating its December 26, 2000 order. On February 9, 2001, Rock appealed to this court from the December 26, 2000 judgment. This appeal was assigned case No. 2001-0338.

{¶3} On February 14, 2001, the magistrate recommended that the court of appeals deny the writ of mandamus. In March 2001, Rock filed objections to the magistrate's February 2001 decision, and the board filed a memorandum in opposition to Rock's objections. On April 10, 2001, Rock filed a motion for an extension of time to file a reply to the board's memorandum in opposition. By an entry filed April 12, 2001, the court of appeals refused to rule on the motion because of Rock's pending appeal to this court in case No. 2001-0338.

{¶4} On April 17, 2001, we dismissed Rock's appeal in case No. 2001-0338 for want of prosecution. *State ex rel. Rock v. School Emp. Retirement Bd.* (2001), 91 Ohio St.3d 1498, 745 N.E.2d 1054.

{¶5} On December 27, 2001, the court of appeals dismissed Rock's mandamus action because "[u]nder the clear language of [S.Ct.Prac.R. II(2)(D)(1)], the jurisdiction of this court ended when [Rock] perfected her appeal [in case No. 2001-0338] to the Supreme Court." This cause is now before the court upon Rock's appeal as of right from the December 27, 2001 judgment dismissing her mandamus case.

{¶6} Rock asserts that the court of appeals erred in dismissing her mandamus action. We agree and reverse the judgment of the court of appeals.

{¶7} S.Ct.Prac.R. II(2)(D)(1) provides, "After an appeal is perfected from a court of appeals to the Supreme Court, the court of appeals is divested of jurisdiction, except to take action in aid of the appeal, to rule on an application timely filed with the court of appeals pursuant to App.R. 26, or to rule on a motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution."

**{¶8}** Similarly, we have consistently held that once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. See, generally, *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 146-147, 637 N.E.2d 890, and cases cited therein (appeal divests trial courts of jurisdiction to consider Civ.R. 60[B] motions for relief from judgment absent conferral of jurisdiction by limited remand by appellate court).

**{¶9}** Nevertheless, neither S.Ct.Prac.R. II(2)(D)(1) nor the foregoing precedent authorizes a court to dismiss a case for lack of jurisdiction once the appeal involving the case has concluded. Therefore, when we dismissed case No. 2001-0338 for want of prosecution, the court of appeals had jurisdiction to consider the merits of Rock's mandamus claim. See, e.g., *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 16, 661 N.E.2d 170 ("even if the attorney fees matter had been raised in the prior appeals, once those appeals were dismissed, Judge Corrigan possessed jurisdiction to consider Porter's motion"); *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 558, 653 N.E.2d 366 (after appeal was dismissed, trial court had jurisdiction to rule on previously filed Civ.R. 60[B] motion); *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 103, 666 N.E.2d 1091 (domestic relations court could proceed with hearing and custody determination on second postjudgment motion to modify custody after the court of appeals had resolved the appeal concerning the dismissal of the first motion).

**{¶10}** The board concurs with Rock's assertion that the court of appeals erred by dismissing the case for lack of jurisdiction.

**{¶11}** Based on the foregoing, we reverse the judgment of the court of appeals and remand the cause to that court for a consideration of the merits of Rock's mandamus action.

Judgment reversed
and cause remanded.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Janice L. Mazurkiewcz, for appellant.

Betty D. Montgomery, Attorney General, and Judith T. Edwards, Assistant Attorney General, for appellee.

_____