ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to permit the appellate court to render a brief and conclusory decision. Crawford v. Eastland ShoppingMall Assn. (1983), 11 Ohio App.3d 158.
 {¶ 2} Plaintiff-appellant Brad Bradley appeals from the trial court order that dismissed his personal injury action against defendant-appellee the City of Cleveland
 {¶ 3} In his sole assignment of error, appellant argues the trial court failed to construe the allegations of his complaint as true before determining the city was immune from liability for his injuries and thus granting its Civ.R. 12(C) motion for judgment on the pleadings. This court disagrees.
 {¶ 4} A court's review of a Civ.R. 12(C) motion is limited to only the allegations contained in the parties' pleadings and presents only questions of law. Perterson v. Teodosio (1973),34 Ohio St.2d 161.
 {¶ 5} Appellant asserted in his complaint he was injured upon falling into a pothole that existed on the playground located at East 68th Street near Woodland Avenue. He claimed the pothole was the result of the city's negligent maintenance of the premises, the city "should have known" of the pothole's existence, and, further, that the city neither remedied nor warned of the "defective condition" located on the playground.
 {¶ 6} The city's answer denied the pertinent allegations of appellant's complaint and raised the defense of sovereign immunity. The city thereafter filed its motion for judgment on the pleadings, arguing it was immune from liability for appellant's claimed injuries pursuant to R.C.2744.01(C)(2)(u)(I). The trial court subsequently granted the city's motion.
 {¶ 7} Appellant's assertion that his claim falls under an exception to immunity lacks any basis. Appellant failed to assert the playground belonged to any "buildings * * * used in connection with the performance of a governmental function" pursuant to R.C. 2744.02(B)(4).
 {¶ 8} Even if he had, moreover, the exceptions set forth in R.C. 2744.02(B)(3), for "public grounds," and (4), for grounds attached to public "buildings," do not apply because they are phrased in a "general" manner. Stacko v. Bedford (May 13, 1999), Cuyahoga App. No. 74043. R.C. 2744.01(C)(2)(u) specifically grants immunity to the city for the "maintenance, * * * of any * * * recreational area or facility, including, butnot limited to, * * * (I) a park, playground, or playfield." (Emphasis supplied.) As this court has observed, "When the legislature is specific, sovereign immunity is not abrogated."Horwitz v. Cleveland (Mar. 16, 1995), Cuyahoga App. No. 67140.
 {¶ 9} Consequently, the trial court properly granted the city's Civ.R. 12(C) motion for judgment on the pleadings, thus dismissing appellant's complaint. Bundy v. Five RiversMetroparks, 152 Ohio App.3d 426, 2003-Ohio-1766 (appeal not allowed, 99 Ohio St.3d 1514, 2002-Ohio-3957.)
 {¶ 10} Appellant's assignment of error, accordingly, is overruled.
 {¶ 11} The judgment is affirmed.
Judgment affirmed.
McMonagle, P.J., and Gallagher, J., concur.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.