DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Michael A. Richards pleaded guilty to multiple charges and received a three-year sentence, which the trial court suspended, provided that he complete three years of community control. When Mr. Richards failed to comply with the terms and conditions of community control, the trial court reimposed his sentence. The trial court told Mr. Richards that his reimposed sentence was 12 months, but wrote in its journal entry that his sentence was three years. He did not appeal. A couple of months later, the trial court granted Mr. Richards judicial release. Mr. Richards, however, also violated the terms and conditions of judicial release. After he pleaded guilty to escape, the trial court resentenced him again. The court reimposed the three-year sentence it had ordered after Mr. Richards violated community control and added a year to his sentence because of his escape. Mr. Richards has argued that the trial court could only reimpose a one-year sentence after he violated judicial release, because that is what the court told *Page 2 
him his sentence was after he violated community control. Because Mr. Richards did not appeal the journal entry that stated that his sentence for violating community control was three years, this Court affirms.
 FACTS {¶ 2} On February 5, 2007, Mr. Richards pleaded guilty to possession of cocaine, receiving stolen property, petty theft, and misuse of credit cards. The trial court sentenced him to a total of three years incarceration, but suspended his sentence, provided that he complete three years of community control. The court informed Mr. Richards that a violation of community control "shall lead to more restrictive sanctions . . . up to and including a prison term of Three (3) years."
 {¶ 3} Mr. Richards violated the terms and conditions of community control. At a hearing on March 28, 2007, the trial court told him that, if it found him guilty of a community control violation, it would sentence him to 12 months. Mr. Richards pleaded guilty to the violation, and the court again told him that he was being sentenced to "12 months." The journal entry that the court issued on April 2, 2007, however, sentenced him to three years. He did not appeal.
 {¶ 4} A couple of months later, the trial court again suspended Mr. Richards' sentence, placed him into a judicial release program known as Reentry Court, and told him that he had to appear for weekly court hearings. After he failed to appear for one of the hearings, he pleaded guilty to escape. At a hearing regarding his sentence for violating judicial release, the court acknowledged that it had "made a mistake" when it resentenced him for the community control violation "and did not reimpose his three year sentence." The court sentenced Mr. Richards to one year for escape, but postponed its reimposition of his prior sentence. It directed the parties *Page 3 
to file briefs and reset the hearing. Following the hearing, the State moved for Mr. Richards to be resentenced for his community control violation.
 {¶ 5} At the rescheduled hearing, the court acknowledged that Mr. Richards' sentence was "a procedural mess," but stated that it was "going to do the best [it could] to unmess it." The court resentenced Mr. Richards "to the original sentence, reimposing the time, which is 3 years, which is 12 months on each count consecutive to the one count on the escape. One year on the escape charge from the reentry court."
 {¶ 6} On November 9, 2007, Mr. Richards moved the trial court to correct its April 2, 2007, journal entry, alleging it was not "consistent with the sentence imposed in open court." On November 13, 2007, the trial court journalized the sentence it had ordered. The court found that Mr. Richards had violated the terms and conditions of Reentry Court and sentenced him to four years in prison. Mr. Richards has appealed "the sentence journalized on November 13, 2007," assigning three errors. On November 30, 2007, the trial court denied Mr. Richards' motion to correct.
 MOTION TO CORRECT JOURNAL ENTRY {¶ 7} Mr. Richards' first assignment of error is that the trial court incorrectly denied his motion to correct the April 2, 2007, journal entry. He has argued that the journal entry contains a clerical error because it does not reflect what he was told about his sentence in open court. The trial court did not rule on Mr. Richards' motion until after he perfected his appeal to this Court.
 {¶ 8} The Ohio Supreme Court has "consistently held that once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." State ex rel. Rock v. Sch.Employees Ret. Bd, 96 Ohio St. 3d 206, 2002-Ohio-3957, at ¶ 8. Mr. Richards appealed from a *Page 4 
journal entry that resentenced him for violating the terms and conditions of his judicial release. Judicial release is governed by Section 2929.20 of the Ohio Revised Code. Section 2929.20(I) provides that, if a court "grants a motion for judicial release under this section, the court . . . shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense."
 {¶ 9} The sentence that the trial court reduced when it granted Mr. Richards judicial release was the one it imposed on April 2, 2007. That is the same sentence that was the target of Mr. Richards' motion to correct. If the trial court had granted Mr. Richards' motion, it would have interfered with this Court's review of the trial court's decision to reimpose that sentence. This Court, therefore, concludes that the trial court lacked jurisdiction to do what Mr. Richards requested in his motion. His first assignment of error is overruled.
 MODIFICATION OF SENTENCE {¶ 10} Mr. Richards' second assignment of error is that the trial court improperly modified the 12-month sentence it announced at the March 28, 2007, hearing. He has argued that the court did not have authority to modify the 12-month sentence because it had already been executed. He has also argued that the court did not have authority to modify the sentence because it was imposed in open court.
 {¶ 11} Mr. Richards' argument fails because he did not appeal the April 2, 2007, journal entry. Under the doctrine of res judicata, he is barred from challenging the sentence he received for violating community control at this time. State v. Perry, 10 Ohio St. 2d 175, paragraph nine of the syllabus (1967) ("a final judgment of conviction bars a convicted defendant . . . from *Page 5 
raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant . . . on an appeal from that judgment.").
 {¶ 12} Mr. Richards' argument also fails on the merits because the trial court's pronouncement that he was "going to be sentenced to 12 months, 6 months in jail to run concurrent" was not his sentence. "A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." Schenley v.Kauth, 160 Ohio St. 109, paragraph one of the syllabus (1953). "[A]n oral pronouncement of sentence in open court does not meet this rule."State v. Overstreet, 9th Dist. No. 21367, 2003-Ohio-4530, at ¶ 8 (quoting State v. Teets, 9th Dist. No. 3022-M, 2000 WL 1350023 at *1 (Sept. 20, 2000)). A trial court may enhance the sentence it pronounced in open court so long as it does so before the sentence is journalized.Id. at ¶ 8-9. Accordingly, although the court told Mr. Richards that he was going to be sentenced to 12 months, because its journal entry sentenced him to three years, the trial court did not violate Section 2929.20(I) when it reimposed his three-year sentence after he violated the terms and conditions of judicial release. Mr. Richards' second assignment of error is overruled.
 MOTION FOR RESENTENCING {¶ 13} Mr. Richards' third assignment of error is that the State waived its right to contest his one-year sentence. He has argued that, because the State did not object to the sentence at the hearing and did not file an appeal, the trial court should have denied its motion for resentencing.
 {¶ 14} Mr. Richards' argument fails because the trial court did not grant the State's motion for resentencing. The State requested that the court "re-sentence the defendant in regard to a community control violation hearing and sentencing originally held on March 28, 2007." *Page 6 
The court's November 13, 2007, journal entry only addressed Mr. Richards' sentence for violating judicial release. The journal entry stated that "the Court finds the Defendant violated the terms and conditions of the Reentry Court, and terminates him from the program." The court reimposed the three-year sentence that it had ordered following Mr. Richards' violation of community control. It also ordered that sentence to be served consecutively to the one-year sentence it imposed for escape. Accordingly, because the trial court did not grant the State's motion to resentence Mr. Richards for violating community control, his third assignment of error is overruled.
 CONCLUSION {¶ 15} Mr. Richards' assignments of error are overruled. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 7 
 Costs taxed to appellant. *Page 1