[Cite as *Brister v. Cleveland*, 2014-Ohio-1232.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100016**

---

## PAUL BRISTER

PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-783237

**BEFORE:** E.A. Gallagher, J., S. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 27, 2014

**ATTORNEYS FOR APPELLANT**

W. Craig Bashein
Thomas J. Sheehan
Bashein & Bashein Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH    44113

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEES**

Barbara A. Langhenry
Director of Law

BY:    L. Stewart Hastings
Assistant Law Director
601 Lakeside Avenue, Room 106
Cleveland, OH    44114

EILEEN A. GALLAGHER, J.:

{¶1} Appellant, Paul Brister, appeals the trial court's order granting summary judgment in favor of appellee, city of Cleveland ("the city"). Brister argues that the trial court erred when it determined that the city was entitled to political subdivision immunity under R.C. Chapter 2744. For the following reasons, we reverse the decision of the trial court.

{¶2} Brister's complaint against the city alleges that on May 23, 2011, he qualified as an invitee of the city's Thurgood Marshall Recreation Center, where he was exercising on a back lateral machine. His claim is that he suffered an injury when the machine's cable broke causing the machine's bar to strike him on the head. He alleges that the city negligently maintained the exercise equipment at the Thurgood Marshall Recreation Center because the city failed to inspect the machine before he used it.

{¶3} Michael Wilcox, the regional manager for the Department of Public Works, Division of Recreation, testified that the supervisors in charge of the recreational facility are to visually examine the exercise equipment prior to their work shifts. The supervisor in charge of the facility on May 23, 2011 is no longer employed by the city and his whereabouts are unknown.

{¶4} The city moved for summary judgment asserting that it is entitled to political subdivision immunity and that there is no proof that they negligently maintained the exercise equipment. The trial court granted summary judgment without opinion and Brister appealed asserting the following assignment of error:

Given the disputed issues of material fact in the evidentiary record, the trial judge erred as a matter of law by granting summary judgment in favor of defendant-appellees.

{¶5} Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 1998-Ohio-389, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶6} The legislature has generally shielded political subdivisions such as the city from tort liability. *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 2000-Ohio-486, 733 N.E.2d 1141. Chapter 2744 of the Revised Code sets forth a three-tier analysis for determining whether a political subdivision is immune from liability. The first step sets forth the general rule that political subdivisions are entitled to broad immunity. R.C. 2744.02(A)(1) provides:

> Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or

property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

**{¶7}** The parties do not dispute that the Thurgood Marshall Recreational Center is an entity of the city and is a political subdivision under R.C. 2744.01(F). Also, R.C. 2744.01(C)(2)(u)(ii) recognizes that the maintenance and operation of an indoor recreational facility is a "governmental function."

**{¶8}** Under the second tier of the statutory analysis, once immunity is established, a determination must be made as to whether any of the five exceptions to immunity listed under R.C. 2744.02(B) apply. If one or more exceptions apply, the third tier of analysis requires a determination of whether immunity may be reinstated because a defense applies. Relevant here is the exception in R.C. 2744.02(B)(4), which states:

[e]xcept as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function.

**{¶9}** The city argues that this exception to immunity is not applicable in the present instance because, in the city's view, it is limited to the real property or fixtures of the buildings or grounds. We disagree. The statute states that the physical defect must be located within or on the building or grounds. The Ohio Supreme Court has stated that "under R.C. 2744.02(B)(4), a political subdivision can be held liable for injury caused by the negligence of its employees that occurred within the grounds of buildings

used in performing a governmental function * * *."  *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, ¶ 1.

{¶10} This court previously rejected the argument presently offered by the city in *Williams v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 92964, 2009-Ohio-6644.  The plaintiff in *Williams* suffered an injury when a pool table in a Cuyahoga Metropolitan Housing Authority ("CMHA") recreation room suddenly, and without notice, collapsed onto her leg.  The plaintiff alleged that CMHA was negligent in constructing, maintaining, and repairing the recreation room equipment and that the defective pool table was a physical defect within the grounds of CMHA's property.   This court refused to hold that the defective pool table could not constitute a "physical defect" under R.C. 2744.02(B)(4), noting that the statute makes no distinction between the alleged causes of injury.   *Id.* at ¶ 13; *see also Godfrey v. Cleveland*, 8th Dist. Cuyahoga No. 75754, 2000 Ohio App. LEXIS 3482 (Aug. 3, 2000) (involving an unsecured picnic-style table in a visiting area); *see also Bozeman v. Cleveland Metro. Hous. Auth.*, 8th Dist.   Nos. 92435 and 92436, 2009-Ohio-5491 (declining to grant judgment on the pleadings despite the issue of whether the presence of lead paint constitutes a physical defect).   Therefore, we find that the city's argument that "physical defects" within the meaning of R.C. 2744.02(B)(4) are strictly limited to fixtures to be without merit.

{¶11} The city next argues that it is entitled to a specific grant of immunity by application of R.C. 2744.01(C)(2)(u)(ii) for indoor recreation facilities.   Relying on this court's decision in *Bradley v. Cleveland*, 8th Dist. Cuyahoga No. 83464,

2004-Ohio-2347, the city argues that if its actions fall under a specific governmental function listed under R.C. 2744.01(C)(2), then it is not subject to the generalized exceptions to immunity under R.C. 2744.02(B). However, the Ohio Supreme Court invalidated the *Bradley* interpretation of R.C. Chapter 2744 in *Moore v. Lorain Metro. Hous. Auth.*, 121 Ohio St.3d at 457, 2009-Ohio-1250, 905 N.E.2d 606, as this court recognized in *Williams v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 92964, 2009-Ohio-6644, ¶ 20. Thus, the city's argument that it is entitled to a blanket grant of immunity from the exceptions in R.C. 2744.02(B) is without merit.

{¶12} Although the city could potentially be liable under R.C. 2744.02(B)(4) for the negligent maintenance of the gym equipment, the city argues that it was not negligent in this instance and that no genuine issues of material fact remain on the issue of negligence. We disagree. The record is clear that the machine was of an age that required it to be replaced. In fact, five months prior to the accident, the city had contracted to replace the exercise equipment at issue in this case and the replacement equipment arrived three to four days after Brister's injury. Although Wilcox testified that the facility supervisors are responsible for visually examining the exercise equipment prior to their work shifts, there is no evidence in the record to suggest that such an inspection was actually performed by the supervisor in this instance. In fact, the supervisor on location at the time of the incident did not even generate an incident report regarding Brister's injury or inform Wilcox of the occurrence despite the fact that Brister's injury required him to be transported to a hospital in an ambulance.

**{¶13}** Construing the evidence in a light most favorable to Brister, we find there is enough circumstantial evidence in the record to create a genuine issue of material fact on Brister's negligence claim. We do not reach the question of whether an evidentiary inference pursuant to *Cherovsky v. St. Luke's Hosp. of Cleveland*, 8th Dist. Cuyahoga No. 68326, 1995 Ohio App. LEXIS 5530 (Dec. 14, 1995) would be appropriate in this case.

**{¶14}** Brister's assignment of error is sustained.

**{¶15}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellees his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR