[Cite as *In re C.H.*, 2014-Ohio-4821.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: C.H., M.H., A.H., T.H., N.H., J.H., and M.H. | : | APPEAL NOS. C-140415 C-140416 |
| | : | TRIAL NO. F09-2555z |
| | : | *O P I N I O N.* |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  October 31, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Roxan Tarnowski*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Raymond T. Faller*, Hamilton County Public Defender, and *Nicholas C. Varney*, for Appellee Guardian ad Litem,

*Ginger S. Bock*, for Appellant Earl H.,

*Phyllis Schiff*, for Appellant Angela H.,

*Elizabeth Powers*, for T.H., N.H., and J.H.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1} These are consolidated appeals from decisions of the Hamilton County Juvenile Court involving the custody of seven children. The court placed the three youngest children in the permanent custody of the Hamilton County Department of Job and Family Services ("HCJFS"). The four oldest children were placed in a planned permanent living arrangement ("PPLA").

{¶2} Both the father and the mother have appealed. The father argues that the judgments entered by the juvenile court are void because the court conducted a hearing while part of the case was on appeal to this court. The mother appeals only the permanent-custody decision, arguing that the trial court's determination was against the weight of the evidence and that there was insufficient evidence to support the decision.

{¶3} As to the father's appeal, we conclude that the trial court had subject-matter jurisdiction at the time that it rendered its final judgments, and, as a result, the judgments are not void. As to the mother's appeal, we conclude that competent credible evidence supports the juvenile court's decision. As a consequence, we affirm the judgments below.

I.

{¶4} Earl H. and Angela H. are the parents of C.H., age 19; M.H.1, age 18; A.H., age 17; T.H., age 14; N.H., age 12; J.H., age 10; and M.H.2, age 6.

{¶5} The children were first adjudicated abused and dependent in February 2010, due to prolonged abuse by Earl. The court granted Angela custody of the children, and Earl was forbidden any contact. By September 2010, Earl had returned to the family home, and at least one child was exhibiting signs of possible sexual abuse. Angela later admitted that she had been leaving the children in their father's care for months.

The children were adjudicated neglected and dependent in April 2011. This time, HCJFS was granted temporary custody and the parents were permitted supervised visitation only.

{¶6}    On August 20, 2012, HCJFS filed two motions: one to modify its temporary custody of N.H., J.H., and M.H.2 to permanent custody, and another to place C.H. and M.H.1 in a PPLA, which was later amended to include A.H. and T.H.

{¶7}    While the custody matter was pending, allegations arose that Earl had sexually abused M.H.2 during a visit. The magistrate issued an order temporarily suspending Earl's visitation, which was adopted by the trial court in September 2013. Earl filed a notice of appeal of the court's decision suspending visitation on October 10, 2013.

{¶8}    Prior to Earl's appeal of the temporary visitation order, the magistrate entered a decision on October 8 granting HCJFS permanent custody of N.H., J.H., and M.H.2, and a decision on October 9 placing C.H., M.H.1, A.H., and T.H. in a PPLA. Earl objected to both decisions, and Angela objected to the permanent-custody decision.

{¶9}    On January 22, 2014, the juvenile court held oral argument on the parents' objections to the custody decisions. The court noted the pending appeal, but determined that it could proceed with oral argument. It stated, however, that it would not issue any ruling until the appeal was resolved. We dismissed the visitation-order appeal on March 19, 2014, because it was not taken from a final appealable order. The juvenile court held a second hearing in April 2014, and adopted both of the magistrate's decisions on June 23, 2014. These appeals followed.

II.

{¶10} In his sole assignment of error, Earl argues that the juvenile court's judgments are void because the court lacked subject-matter jurisdiction to hold oral argument while his October appeal was pending.

{¶11} "[O]nce an appeal is perfected, the court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8. A trial court may not conduct proceedings on claims that are before the court of appeals while the appeal is pending. *See State ex rel. Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 15. After an appeal is dismissed, however, the trial court regains jurisdiction to proceed with the underlying case. *See State ex rel. Newton v. Court of Claims*, 73 Ohio St.3d 553, 558, 653 N.E.2d 366 (1995).

{¶12} It is debatable whether the trial court possessed subject-matter jurisdiction to hold oral argument on custody while the appeal of the temporary visitation order was pending. HCJFS argues that custody and temporary visitation are distinct matters, and that hearing argument in the trial court on custody is in no way inconsistent with our jurisdiction—had it existed—to review the temporary visitation order. The counter argument is that the issues before us in such an appeal would have been so intertwined with the issues in the custody determination that the lower court's exercise of jurisdiction could be said to be "inconsistent" with our own.

{¶13} Fortunately, this is an issue we need not resolve. The question before us is whether the judgment issued by the trial court was void. It was not.

{¶14} A judgment is void where it is rendered by a court that lacks subject-matter jurisdiction. *See Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988),

4

paragraph three of the syllabus. Here, there is no question that the juvenile court had jurisdiction when it rendered its judgments in June 2014. We had dismissed the visitation-order appeal in March, and even if the court was divested of jurisdiction by the appeal of the visitation order, it unquestionably had regained jurisdiction by the time it rendered the final judgments.

{¶15} Nor do we think that any error in holding the oral argument rendered the subsequent judgments void. There was no evidence introduced at the hearing, and no evidence introduced during the entire time the visitation appeal was pending in this court. Oral argument on the objections to the magistrate's decisions was repeated after we had dismissed the appeal and before the juvenile court rendered its final judgments. Thus, there is no reason to think that the January argument had any impact whatsoever on the final judgments ultimately rendered by the court. And, certainly, there is nothing that occurred that could be said to render these judgments that were entered by a court of competent jurisdiction void.

{¶16} Because the judgments rendered by the juvenile court are not void, we overrule Earl's assignment of error.

### III.

{¶17} In a single assignment of error, Angela argues that the trial's decision to grant permanent custody of N.H., J.H., and M.H.2 to HCJFS was against the weight and sufficiency of the evidence.

{¶18} The termination of parental rights is governed by R.C. 2151.414. Before a juvenile court may terminate parental rights, it must first find that it is in the children's best interests to be placed in the permanent custody of the moving agency. R.C. 2151.414(B)(1) and (D). It must then find one of the four conditions listed in R.C. 2151.414(B)(1). The court must find both prongs by clear and convincing evidence. We

will not substitute our judgment for that of the trial court where some competent and credible evidence supports the essential elements of the case. *See, e.g., In re W.W.*, 1st Dist. Hamilton Nos. C-110363 and C-110402, 2011-Ohio-4912, ¶ 46.

A.

{¶19} In determining a child's best interests, the court must consider "all relevant factors," including (1) the child's interaction with parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child, as expressed by the child or a guardian ad litem; (3) the custodial history of the child; (4) the child's need for legally secure placement and whether that type of placement can be achieved without a grant of permanent custody; and (5) whether any of the factors under R.C. 2151.414(E)(7) through (11) apply. R.C. 2151.414(D)(1)(a)-(e).

{¶20} We find no error in the trial court's conclusion that granting permanent custody to HCJFS was in the children's best interests. The court considered the children's relationships with their foster caregivers and lengthy history in HCJFS custody, as well as their infrequent contact with both parents. The court noted that M.H.2 was "too young to fully express his wishes," but that N.H. and J.H. had been appointed an *In re Williams* attorney because they "want to be re-united with their mother." *See In re Williams*, 101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110. Angela, however, was not cooperating with child-caring authorities or taking adequate steps to provide a safe and stable home. In fact, she was homeless and had been living with a friend for several months. The children were in need of legally secure placement that could not be achieved other than by granting permanent custody to HCJFS. Thus, competent and credible evidence exists to support the court's finding that permanent custody with HCJFS was in the best interests of N.H., J.H., and M.H.2.

B.

{¶21}   We next consider whether competent and credible evidence supports the court's finding that one of the provisions in R.C. 2151.414(B)(1) applies.   Relevant here is R.C. 2151.414(B)(1)(d):   the child has been in the temporary custody of a children services agency for 12 months of a consecutive 22-month period.   It is undisputed that the children had been in the temporary custody of HCJFS for 17 consecutive months at the time the complaint was filed.

{¶22}   The grant of permanent custody to HCJFS was supported by competent, credible evidence.   As a consequence, we overrule Angela's sole assignment of error.

IV.

{¶23}   Having overruled both assignments of error, we affirm the judgment of the trial court.

**CUNNINGHAM, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.