[Cite as *Hanko v. Nestor*, 2016-Ohio-2976.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Michael Hanko

    Appellee

v.

Michael Nestor, et al.

    Appellant

v.

Robert Hanko

    Appellee

Court of Appeals No. E-15-041

Trial Court No. 2001 CV 0304

**DECISION AND JUDGMENT**

Decided:  May 13, 2016

* * * * *

Brent L. English, for appellee.

Christian M. Bates, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal from the July 25, 2015 judgment of the Erie County Court of Common Pleas granting appellee's motion for relief from judgment.  For the reasons that follow, we reverse the judgment of the trial court.

**{¶ 2}** Appellant sets forth two assignments of error:

> 1. The Trial Court erred in granting Plaintiff-Appellee relief from judgment under Civ.R. 60(A) as the Court's act of reversing its prior judgment amounted to a substantive change rather than the correction of a clerical mistake.

> 2. The Trial Court erred in granting Plaintiff-Appellee relief from judgment under Civ.R. 60(B)(5) as Plaintiff-Appellee's Motion was not made within a reasonable amount of time.

**{¶ 3}** The facts of this case are fully set forth in this court's decision in *Hanko v. Nestor*, 6th Dist. Erie No. E-11-055, 2012-Ohio-4488 ("*Hanko I*"). The facts relative to this appeal are as follows.

**{¶ 4}** Appellee, Michael Hanko, and appellant, Michael Nestor, formed H&N Construction, Inc. ("H&N") in the early 1990s. In 1999, Hanko filed a complaint against Nestor asserting claims with respect to issues with H&N. Nestor filed a counterclaim against Hanko. In 2001, the case was voluntarily dismissed without prejudice. Hanko re-filed the complaint later in 2001. Nestor again filed counterclaims against Hanko.

**{¶ 5}** In 2009, Nestor filed two separate motions to dismiss Hanko's claims for failure to prosecute. On July 2, 2009, the trial court dismissed Hanko's complaint with prejudice for failure to prosecute pursuant to Civ.R. 41(B)(1). The case proceeded on Nestor's counterclaim.

2.

{¶ 6} In 2011, Hanko orally moved the trial court to reconsider its July 2, 2009 order dismissing his claims; the oral motion was denied. On May 20, 2011, Hanko filed a written motion for reconsideration of the July 2, 2009 order. By order filed June 17, 2011, the trial court set forth that it "stands by its July 2, 2009 Order dismissing Michael Hanko's claims for failure to prosecute[,]" and ordered Hanko's motion for reconsideration denied. The trial court also revised its July 2, 2009 order to provide that the order was final and appealable as to Hanko's complaint. Hanko appealed to this court on July 13, 2011. However, on July 20, 2011, the trial court issued an entry vacating its June 17, 2011 order and granting Hanko's motion for reconsideration. On August 4, 2011, Hanko filed with this court a motion for limited remand to the trial court; we denied the motion. Nestor filed a notice of appeal from the July 20, 2011 order, and requested that this court remand the case to the trial court so the trial court could properly enter the July 20, 2011 order; this request was denied. Nestor subsequently voluntarily dismissed his appeal.

{¶ 7} On September 28, 2012, we affirmed the trial court's July 2, 2009 judgment dismissing Hanko's claims for want of prosecution. *See Hanko I*. Hanko then filed an application for reconsideration with this court; the application was denied. Hanko's appeal to the Ohio Supreme Court was not accepted for review. *See Hanko v. Nestor*, 134 Ohio St.3d 1469, 2013-Ohio-553, 983 N.E.2d 368.

3.

**{¶ 8}** On May 12, 2015, Hanko filed with the trial court a motion for relief from its June 17, 2011 judgment denying Hanko's motion for reconsideration of its July 2, 2009 order dismissing Hanko's complaint.  In the motion for relief from judgment, Hanko claimed he was entitled to relief pursuant to Civ.R. 60(A) or Civ.R. 60(B)(5).  The trial court held an evidentiary hearing and on July 24, 2015, the trial court granted Hanko's motion.  Nestor timely appealed to this court.

**{¶ 9}** We apply an abuse of discretion standard in reviewing the trial court's ruling on a motion for relief from judgment under Civ.R. 60.  *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 66, 479 N.E.2d 879 (1985).  An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *Blakemore v. Blakemore*, 5 Ohio St. 3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 10}** In his first assignment of error, Nestor contends the trial court erred in granting Hanko's motion for relief from judgment under Civ.R. 60(A) since the trial court's reversal of its prior judgment amounted to a substantive change rather than the correction of a clerical mistake.

**{¶ 11}** Civ.R. 60(A) provides in relevant part that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time * * *."  "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments."  *State ex rel.*

4.

*Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996). "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *Id. See also Baldesari v. Baldesari*, 6th Dist. Lucas No. L-10-1199, 2011-Ohio-2957, ¶ 60.

{¶ 12} Here, the trial court, in its July 20, 2011 entry vacating its June 17, 2011 order, set forth in relevant part:

This matter having come to the Court's attention, upon review, that it inadvertently signed an Order on June 16, 2011 (filed June 17, 2011) in error; the Court hereby vacates said entry.

It was the Court's intention at the time of ruling of [sic] Plaintiff's Motion for Reconsideration to grant said motion and to allow this case to proceed on its merits and adjudicate all matters.

{¶ 13} It is undisputed that when the trial court issued its July 20, 2011 ruling, it did not have jurisdiction over the matter as Hanko had already filed an appeal from the trial court's June 17, 2011 order. *See State ex rel. Rock v. School Emps. Retirement Bd.,* 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8 ("[O]nce an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment."). Therefore the trial court's July 20, 2011 entry is a nullity. *See Horvath v. Packo*, 2013-Ohio-56, 985 N.E.2d 966, ¶ 46 (6th Dist.).

5.

{¶ 14} At the June 25, 2015 hearing on Hanko's motion for relief from judgment, the trial court stated "the Court did in fact intend on July 20, 2011 to correct the record, however had not - did not have jurisdiction."

{¶ 15} In its July 24, 2015 "Judgment Entry re: Motion for Relief from Judgment," the trial court set forth:

> This matter is before the Court on Michael Nestor's [sic] Motion for Relief from Judgment under Civ.R. 60(A) and Civ.R. 60(B)(5). Said matter was before the court for an evidentiary hearing on June 25, 2015. After a thorough review of the pleadings, evidentiary hearing, and relevant caselaw, said motion is found well taken and hereby GRANTED. All of Plaintiff's claims shall be reinstated.

{¶ 16} A review of the record shows that although the trial court presently maintains it intended to grant Hanko's May 20, 2011 motion for reconsideration, this intention is not apparent on the record. The trial court's June 17, 2011 order denying Hanko's motion for reconsideration was not a simple entry summarily granting or denying a motion. Rather, the order was detailed in its explanation that the trial court "stands by its July 2, 2009 Order dismissing Michael Hanko's claims for failure to prosecute." As such, when the trial court granted Hanko's motion for relief from judgment on July 24, 2015, the court went beyond the scope of merely correcting a clerical mistake and substantively changed its June 17, 2011 judgment by permitting Hanko's claims to go forward when the claims had previously been dismissed. Civ.R.

6.

60(A) is not the appropriate vehicle for correcting substantive mistakes made by the trial court. Accordingly, the trial court erred in granting Hanko's motion for relief from judgment under Civ.R. 60(A). Nestor's first assignment of error is well-taken.

{¶ 17} In his second assignment of error, Nestor asserts Hanko's motion for relief from judgment under Civ.R. 60(B)(5) was not filed within a reasonable time.

{¶ 18} To prevail on a Civ.R. 60(B) motion, the moving party must show that: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time; where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). If any one of the three *GTE* requirements is not met, the Civ.R. 60(B) motion should be denied. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶ 19} The party seeking relief from judgment under Civ.R. 60(B) bears the burden of presenting "allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time." (Citation omitted.) *McBroom v. McBroom*, 6th Dist. Lucas No. L-03-1027, 2003-Ohio-5198, ¶ 33. Whether a Civ.R. 60(B) motion is filed within a reasonable time depends on the circumstances of that particular case. *S.R. v. B.B.*, 6th Dist. Lucas No. L-09-1293, 2011-Ohio-358, ¶ 19.

7.

{¶ 20} Here, Hanko filed his motion for relief from the June 17, 2011 judgment on May 12, 2015. Hanko explained the motion was reasonably filed as the court of appeals had this case for a period of more than a year and a half, the parties attempted to settle the case, Hanko's counsel was preparing for trial and the motion caused no prejudice to Nestor. In addition, Hanko contends the trial judge found the motion was filed within a reasonable time.

{¶ 21} A review of the record shows that Hanko filed his motion for relief from judgment almost four years after the judgment was rendered. As the case was on appeal to this court and the Ohio Supreme Court for almost two years, during those two years it was not unreasonable for Hanko to not file his motion for relief. However, it took Hanko over two years thereafter, from the end of February 2013 when the case was remanded to the trial court to May 2015, to file his motion for relief from judgment. Hanko has failed to present sufficient reasons for such a lengthy delay. Thus, Hanko did not meet his burden of demonstrating the timeliness of his motion. Moreover, the trial court, in addressing the timeliness issue at the hearing on the motion for relief from judgment, noted "to define timely in this case would be a stretch being that it started in 1999[.]"

{¶ 22} We find that under the circumstances, Hanko's delay in filing for relief from judgment of more than two years after the case was remanded to the trial court is unreasonable, and the trial court abused its discretion in granting Hanko relief from judgment under Civ.R. 60(B)(5). Accordingly, Nestor's second assignment of error is well-taken.

8.

**{¶ 23}** The judgment of the Erie County Court of Common Pleas is reversed, and the case is remanded with instructions to the trial court to vacate the July 24, 2015 order in its record. Costs of this appeal are assessed to appellee Michael Hanko pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.