[Cite as *State v. King*, 2023-Ohio-3635.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

                            No. 113015

    v.                          :

LORENZO KING,                           :

    Defendant-Appellant.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 5, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-677631-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, Alan Dowling, Assistant Prosecuting Attorney,
*for appellee*.

Gina Villa, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Lorenzo King, appeals his sentence, rendered after he pleaded guilty to attempted robbery and assault. The state has filed a notice of conceded error. We sustain the assignments of error and reverse and remand the case for resentencing and imposition of jail-time credit.

{¶ 2} On June 28, 2023, King pleaded guilty to one count of attempted robbery, a felony of the fourth degree, and one count of assault, a first-degree misdemeanor. The trial court sentenced King to 18 months for attempted robbery consecutive to 180 days for assault. The trial court did not grant King any jail-time credit.

{¶ 3} King filed a notice of appeal, raising the following assignments of error, which are combined for review:

> I. The trial court erred in imposing consecutive sentences for a misdemeanor and felony.
>
> II. The trial court erred by entering a nunc pro tunc order for a matter which is not merely clerical.
>
> III. The trial court erred by issuing a nunc pro tunc order after the case was appealed.
>
> IV. The trial court erred by failing to impose jail time credit.

{¶ 4} The state of Ohio filed a notice of conceded error, conceding all assigned errors, acknowledging that the trial court was without jurisdiction to file a nunc pro tunc order once the appeal had been filed, that the nunc pro tunc order cannot correct King's improper sentence, and that the trial court failed to give King jail-time credit. The state further conceded pursuant to *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 355, that the trial court erred in running the sentence for the misdemeanor consecutively with the sentence for the felony.

{¶ 5} King filed a notice of appeal on July 25, 2023. On July 28, 2023, the trial court issued a nunc pro tunc order removing the consecutive language from the

sentencing journal entry, so that his sentences would run concurrent instead of consecutive.

{¶ 6} Nunc pro tunc orders are appropriate remedies to cure clerical errors but cannot "reflect * * * what the court might or should have decided." *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 17, citing *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223.

{¶ 7} A nunc pro tunc entry is not the proper method by which to correct King's sentence; his sentence may be corrected through a resentencing hearing, one which is limited to the purpose of amending his sentence from consecutive to concurrent service.

{¶ 8} Moreover, the trial court was without jurisdiction to issue the nunc pro tunc entry amending King's sentence. ""[O]nce an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment."" *State v. Aarons*, 8th Dist. Cuyahoga No. 110313, 2021-Ohio-3671, ¶ 20, quoting *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 13, quoting *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8.

{¶ 9} In *Aarons*, the trial court sentenced the defendant to a "blanket" sentence on multiple counts. After the defendant filed his notice of appeal, the trial court issue several nunc pro tunc entries attempting to correct its mistake. This

court found that the entries "directly related to and affected matters assigned as error on appeal and were, therefore, inconsistent" with the court's jurisdiction to reverse, modify, or affirm the trial court's judgment. *Id*. at ¶ 24. This court concluded that the trial court lacked jurisdiction to issue its "corrected" entries. *Id*.

{¶ 10} Likewise, in this case, the trial court's attempt at issuing a corrected entry was improper because the court did not have the jurisdiction to correct King's sentence once King filed a notice of appeal, and, further, a nunc pro tunc entry was the improper means by which to correct the sentence.

{¶ 11} Finally, the trial court failed to give King credit for approximately 142 days he had already served in jail. On remand, the trial court is to award King jail-time credit. *See State v. Thompson*, 8th Dist. Cuyahoga No. 10236, 2015-Ohio-3882, ¶ 23 (A trial court's failure to award jail-time credit constitutes an error that may be addressed on appeal.).

{¶ 12} The assignments of error are sustained. The case is remanded for resentencing, limited to running King's sentences concurrent, and for the court to award him proper jail-time credit.

{¶ 13} Judgment reversed; case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR