[Cite as *Sanderfer v. Cuyahoga Metro. Hous. Auth.*, 2017-Ohio-1552.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104720**

# DARNELLA SANDERFER

PLAINTIFF-APPELLANT

vs.

# CUYAHOGA METROPOLITAN HOUSING AUTHORITY

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-844724

**BEFORE:** Jones, J., Stewart, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 27, 2017

**ATTORNEY FOR APPELLANT**

Steven J. Moody
3751 Prospect Avenue, Floor 3
Cleveland, Ohio 44115


**ATTORNEYS FOR APPELLEE**

Adrian D. Thompson
Taft Stettinius & Hollister, L.L.P.
3500 BP Tower
200 Public Square
Cleveland, Ohio 44114

LARRY A. JONES, SR., J.:

{¶1} Plaintiff-appellant, Darnella Sanderfer ("Sanderfer"), appeals the trial court's decision to grant summary judgment in favor of defendant-appellee, Cuyahoga Metropolitan Housing Authority ("CMHA"). We affirm.

{¶2} Sanderfer worked for CMHA as a maintenance worker from 2004 until she was terminated in December 2011. Sanderfer initially filed suit against CMHA on May 30, 2013, but dismissed her complaint in April 2014. She refiled her complaint on April 24, 2015, alleging sexual harassment and a hostile work environment.

{¶3} During the pretrial process, the trial court held a case management conference and issued a trial order on January 11, 2016. Counsel for both parties signed the trial order and the order was entered on the docket. Paragraph three of the trial order stated:

> Unless otherwise ordered, motions for summary judgment, if any, may only be filed with leave of Court in accordance with Civ.R. 56(B) and not later than 10 days after the discovery deadline * * *. Said motions are to be filed instanter with a motion for leave. Responses to motions for summary judgment are due within 10 days after the filing of the Motion for Leave and Motion for Summary Judgment whether or not the Court has issued a ruling on the Motion for Leave.

{¶4} On April 18, 2016, CMHA moved for leave to file a motion for summary judgment and attached to it a motion for summary judgment with a memorandum in support of the motion. Sanderfer did not oppose the motion.

{¶5} On June 8, 2016, the court issued a judgment entry stating that Sanderfer's time to oppose CMHA's motion for summary judgment had elapsed and granting summary

judgment in favor of CMHA.

{¶6} Sanderfer appealed and raises the following assignments of error for our review:

I. The trial court erred by instituting a rule for summary judgment that requires responding to a summary judgment motion within 10 days which is in conflict with the Ohio civil rules prior to the July 15, 2015 amendment of procedure rule 56 which requires the court [to] allow at least 14 days to respond.

II. The trial court erred by granting the defendant's motion for summary judgment without a leave of court in violation of civil rule 56.

III. The trial court erred by issuing a default summary judgment.

{¶7} In the first assignment of error, Sanderfer argues that the trial court erred by giving her only ten days to respond to the motion for summary judgment instead of the 14 days as required by Civ.R. 56.

{¶8} Sanderfer did not raise in the trial court her issue of a perceived conflict between the trial court's trial order and Civ.R. 56. It is well established that "[a]n appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982). Thus, a party waives and may not raise on appeal any error that arises during the trial court proceedings if that party fails to bring the error to the court's attention, by objection or otherwise, at a time when the trial court could avoid or correct the error. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121-123, 679 N.E.2d 1099 (1997). A party's failure to object waives all but plain error. *Id.*

{¶9} Even if Sanderfer had brought the issue to the court's attention, however, there was no error because the court's trial order did not conflict with Civ.R. 56. Both the former version of Civ.R. 56(C) and the current version of Civ.R. 56(C), effective July 1, 2015, provide that

> [u]nless otherwise provided by local rule or by order of the court, the adverse party may serve responsive arguments and opposing affidavits within twenty-eight days after service of the motion, and the movant may serve reply arguments within fourteen days after service of the adverse party's response.

{¶10} Sanderfer claim was that the trial court had to allow her 14 days to respond to CMHA's motion for summary judgment but the court order allowed her only ten days to respond, and therefore, the trial court's order conflicted with the Civil Rules. But Civ.R.56(C), by its express terms, actually gives a responding party 28 days in which to respond to a motion for summary judgment, "unless otherwise provided for by local rule or by order of the court." The order of the court in this case, which counsel for both parties signed, was that responsive motions were due ten days after the filing of a motion for summary judgment. CMHA filed its motion for summary judgment on April 18, 2016. The trial court granted the motion on June 8, 2016, 51 days after CMHA filed the motion. During that 51 days, Sanderfer did not respond to CMHA's motion or otherwise ask for an extension of time in which to respond. Therefore, Sanderfer's argument that the court did not give her the proper amount of time in which to file her response holds no merit.

{¶11} In light of the above, the first assignment of error is overruled.

{¶12} In the second assignment of error, Sanderfer claims that the trial court erred

by granting CMHA's motion for summary judgment without leave of court. Sanderfer claims that she did not respond to CMHA's motion for summary judgment because the trial court had not yet ruled on whether CMHA could file its motion for summary judgment.

{¶13} Again, paragraph three of the court's January 11, 2016 trial order provided:

Unless otherwise ordered, motions for summary judgment, if any, may only be filed with leave of Court in accordance with Civ.R. 56(B) and not later than 10 days after the discovery deadline * * *. Said motions are to be filed instanter with a motion for leave. Responses to motions for summary judgment are due within 10 days after the filing of the Motion for Leave and Motion for Summary Judgment whether or not the Court has issued a ruling on the Motion for Leave.

{¶14} The trial order clearly stated that responsive motions were due within ten days after the filing of a summary judgment motion "whether or not the court has issued a ruling on the motion to leave."

"[A] court may, in its sound discretion, consider a motion for summary judgment that has been filed, without express leave of the court, after the action has been set for trial. Furthermore, where the acceptance of a motion occurs by the grace of the court, the decision to accept is by itself leave of court."

*Meyer v. Wabash Alloys, L.L.C.*, 8th Dist. Cuyahoga No. 80884, 2003-Ohio-4400, ¶ 16, quoting *Lachman v. Wietmarschen*, 1st Dist. Hamilton No. C-020208, 2002-Ohio-6656.

{¶15} The record does not reflect that the court expressed to the parties that it would rule on a motion to leave before considering an accompanying motion for summary judgment. Thus, we consider what the record does reflect, which is that the January 11, 2016 trial court order required a party opposing a summary judgment motion to file its

responsive motion within ten days, regardless of whether the court had ruled on the motion to leave.

{¶16} The second assignment of error is overruled.

{¶17} In the third assignment of error, Sanderfer argues that the trial court granted CMHA a "default" summary judgment without considering the evidence or conducting any reasoning or analysis.

{¶18} In granting summary judgment, the trial court stated:

In accordance with Paragraph 3 of this Court's Trial Order, issued on January 11, 2016 and signed by both parties at the case management conference, all responses to motions for summary judgment were due within 10 days of filing whether or not the court has issued a ruling on the motion for leave. As more than 30 days have passed since Defendant's Motion for Summary Judgment was filed, Plaintiff's response time for said Motion has lapsed. Therefore, Defendant's Motion for Summary Judgment, filed 4/18/2016, remains unopposed. In construing the evidence most strongly in favor of the Plaintiff, the court finds that as to Plaintiff Sanderfer's claims against Defendant, there is no genuine issue as to any material fact, reasonable minds could only find in favor of said Defendant, and said Defendant is entitled to judgment as a matter of law. Therefore, Defendant's Motion for Summary Judgment is granted and Plaintiff's claims against Defendant are dismissed with prejudice.

{¶19} Sanderfer does not support her claim that the trial court failed to consider the evidence in the case. Moreover, Civ.R. 52 does not require a trial court to issue findings of fact or conclusions of law when deciding a motion pursuant to Civ.R. 56.[1]

{¶20} In determining whether a summary judgment is warranted, a court must determine whether (1) no genuine issue as to any material fact exists, (2) the party moving

_____

[1] Civ.R. 52 states: "Findings of fact and conclusions of law required by this rule * * * are unnecessary upon all other motions including those pursuant to * * * Civ.R. 56."

for summary judgment is entitled to judgment as a matter of law, and (3) in viewing the evidence most strongly in favor of the non-moving party, conclude that reasonable minds can only reach one conclusion, which is adverse to the non-moving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1997). The trial court's judgment entry granting summary judgment sufficiently supports its finding in favor of CMHA.

{¶21} The third assignment of error is overruled.

{¶22} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, P.J., and
ANITA LASTER MAYS, J., CONCUR