[Cite as *Steigerwald v. Berea*, 2024-Ohio-2260.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KURT STEIGERWALD,
ADMINISTRATOR,                          :

    Plaintiff-Appellant,            :
                                     No. 112933

    v.                              :

CITY OF BEREA, ET AL.,                  :

    Defendants-Appellees.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 13, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-931952

---

### *Appearances:*

Paulozzi Co., L.P.A., Todd O. Rosenberg, and Amy L. Higgins, *for appellant*.

Mazanec, Raskin & Ryder Co., L.P.A., Frank H. Scialdone, and Zachary W. Anderson, *for appellees* City of Berea and Berea Recreation Center.

ANITA LASTER MAYS, J.:

## I.   Introduction and Background

{¶ 1}   Plaintiff-appellant Kurt Steigerwald ("Kurt"), administrator of the estate of his deceased mother Joan Steigerwald ("Joan") (Kurt and the estate collectively "appellant"), appeals the trial court's grant of summary judgment in favor of defendants-appellees city of Berea ("Berea") and the Berea Recreation Center ("Center") (Berea and Center collectively "appellees").  We reverse the trial court's judgment.

{¶ 2}   Eighty-three-year-old Joan was a regular participant in appellees' 9:00 a.m. swim class for seniors at the Center.  The women's locker room was closed for remodeling on April 6, 2018, and reopened on April 10, 2018.  The updates included new benches.  On April 18, 2018, Joan was dropped off at the door of the Center by her daughter, entered the locker room, tripped on the extended legs of one of the new benches, and suffered serious injuries.  Joan passed away on April 30, 2018.

{¶ 3}   On April 17, 2020, appellant filed suit against appellees, BSN Sports LLC ("BSN") and Varsity Brands, Inc. ("Varsity").  Appellant claimed that appellees negligently and/or recklessly purchased benches with extended legs and placed them in a narrow locker room that was a safety hazard causing Joan's death, and wrongful death.[1]

---

[1] Appellant stated claims against BSN and Varsity as manufacturers and sellers under the Ohio Product Liability Act, R.C. 2307.71 through 2307.80, for strict liability, negligence by BSN, and breach of warranties of merchantability and fitness for a

{¶ 4} On February 15, 2021, after the close of discovery, appellees moved for summary judgment. Appellees argued the Center is not *sui juris*;[2] no exception applies to remove governmental immunity under R.C. Chapter 2744, the negligence and wrongful death claims fail on the merits; decedent executed a release of liability for injuries, and appellees are not a manufacturer or seller subject to appellant's product-liability claims.

{¶ 5} On March 10, 2021, appellant countered that appellees had notice of the tripping hazard, the bench constituted a physical defect under R.C. 2744.02(B)(4), the exercise of discretion in using equipment under R.C. 2744.03(A)(5) does not avoid liability, appellees and its employees were reckless in using benches with grossly extended legs under R.C. 2744.03(A)(5) and (6)(b), the extended legs of the bench were not open and obvious as a matter of law, and the release of liability does not protect appellees. Appellant did not refute that the product-liability and breach-of-warranty claims do not apply, and those issues are not presented in the instant appeal.

{¶ 6} On March 22, 2021, appellees filed a reply. On May 25, 2022, the trial court granted summary judgment.

---

particular purpose. Appellant does not argue on appeal that appellees were a seller or manufacturer of the benches subject to those claims.

[2] A department of a city "is not sui juris and cannot be sued as a separate entity. It is subsumed within any judgment relating to the city." *Friga v. E. Cleveland*, 8th Dist. Cuyahoga No. 88262, 2007-Ohio-1716, ¶ 9, fn. 3, citing *Richardson v. Grady*, 8th Dist. Cuyahoga Nos. 77381 and 77403, 2000 Ohio App. LEXIS 5960 (Dec. 18, 2000). Appellant does not appeal this issue.

The motion for summary judgment filed by the city of Berea and Berea Recreation Center is granted. The Court, having considered all the evidence and having construed the evidence most strongly in favor of the non-moving party, determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that the city of Berea and Berea Recreation Center are entitled to judgment as a matter of law.

Journal Entry No. 124094441, p. 1. (May 25, 2022).[3]

{¶ 7} On June 23, 2022, appellant appealed and on August 30, 2022, this court dismissed the appeal for lack of a final appealable order. On June 7, 2023, appellant entered stipulations of dismissal with defendants BSN and Varsity. On June 8, 2023, the trial court granted the dismissals with prejudice. On June 28, 2023, the instant appeal was filed.

## II. Assignments of Error

{¶ 8} Appellant assigns six errors:

I.   The trial court erred when it held that defendants-appellees had no notice as a matter of law.

II.  The trial court erred when it held that the bench was not a physical defect as a matter of law.

III. The trial court erred when it held that the decision to utilize a bench with extended legs was a discretionary decision as a matter of law.

IV.  The trial court erred when it held that defendants-appellees and its agents were not reckless as a matter of law.

---

[3] "Civ.R. 52 does not require a trial court to issue findings of fact or conclusions of law when deciding a motion pursuant to Civ.R. 56." *Sanderfer v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 104720, 2017-Ohio-1552, ¶ 19. "Civ.R. 52 states: 'Findings of fact and conclusions of law required by this rule * * * are unnecessary upon all other motions including those pursuant to * * * Civ.R. 56.'" *Id.* at ¶ 19, fn. 1.

V. The trial court erred when it held that the extended bench legs were open and obvious as a matter of law.

VI. The trial court erred when it held that the anticipatory release was enforceable as a matter of law.

## III. Summary Judgment Standard of Review

{¶ 9} "We review a trial court's summary judgment decision de novo, applying the same standard that the trial court applies under Civ.R. 56(C)." *Heba El Attar v. Marine Towers E. Condominium Owners' Assn.*, 8th Dist. Cuyahoga No. 111695, 2023-Ohio-2581, ¶ 10, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C).

{¶ 10} "On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate the absence of a genuine issue of material fact and entitlement to summary judgment as a matter of law." *El Attar* at ¶ 11, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial." *Dresher* at 293. "If the nonmoving party fails to meet this burden, summary judgment is appropriate." *Id.*

## IV. Discussion

{¶ 11} Appellant does not challenge the sui generis status of Berea and Center or the viability of the product-liability claims. For purposes of judicial economy, we address the assignments of error out of sequence.

### A. Political Subdivision Immunity

{¶ 12} An appellate court conducts a three-tier analysis to determine whether a political subdivision has immunity under R.C. Chapter 2744, the Political Subdivision Tort Liability Act. *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 8, citing *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998).

{¶ 13} R.C. 2744.02(A)(1) divides the functions of a political subdivision into two types, "governmental functions and proprietary functions." *Garmback v. Cleveland*, 8th Dist. Cuyahoga No. 110295, 2022-Ohio-1490, ¶ 20. "Under the first tier, if a defendant is determined to be a political subdivision, it is immune from liability for its governmental and proprietary functions 'in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision * * *.'" *Id.*, quoting R.C. 2744.02(A)(1).

{¶ 14} "Under the second tier, the immunity conferred under R.C. 2744.02(A)(1) '"is not absolute, but is * * * subject to the five exceptions to immunity listed in * * * R.C. 2744.02(B)."'" *Id.* at ¶ 21, quoting *Hortman v.*

*Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, ¶ 12, quoting

*Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998).

{¶ 15} "The third tier of political subdivision immunity analysis comes into

operation if it is determined that one of the exceptions to immunity under R.C.

2744.02(B)(1) through (5) applies." *Id.* at ¶ 22. "Under the third-tier, immunity can

be reinstated if the political subdivision can demonstrate that one of the defenses

under R.C. 2744.03 applies." *Id.*, citing *Hortman* at ¶ 12.

{¶ 16} In the instant case, the appellees qualify as a political subdivision

under R.C. 2744.01(F). "Political subdivision * * * means a municipal corporation

* * * responsible for governmental activities in a geographic area smaller than that

of the state." *Id.*   Appellee is a political subdivision; thus, we consider whether

appellee was engaged in a governmental or proprietary function during the incident

that caused the claimed loss.  The "design, construction, reconstruction, renovation

repair, maintenance or operation of an indoor recreational facility is a governmental

function." R.C. 2744.01(C)(2)(u)(ii); *Brister v. Cleveland*, 8th Dist. Cuyahoga No.

100016, 2014-Ohio-1232, ¶ 7.  Appellee was engaged in a governmental function.

{¶ 17} Moving to the second tier, as a political subdivision engaged in a

governmental function, appellees are entitled to immunity under R.C.

2744.02(A)(1) unless one of the exceptions in R.C. 2744.02(B) applies.  Appellant

argues that R.C. 2744.02(B)(4) applies:

> [P]olitical subdivisions are liable for injury, death, or loss to person or
> property that is caused by the *negligence o*f their employees *and* that
> occurs within or on the grounds of, and is due to *physical defects* within

or on the grounds of, buildings that are used in connection with the performance of a governmental function.

(Emphasis added.) *Id.*

{¶ 18} To remove immunity under R.C. 2744.02(B)(4), appellant "'must establish * * * the elements required to sustain a negligence action.'" *Garmback*, 8th Dist. Cuyahoga No. 110295, 2022-Ohio-1490, at ¶ 26, quoting *Riveredge Dentistry Partnership v. Cleveland*, 8th Dist. Cuyahoga No. 110275, 2021-Ohio-3817, ¶ 32. Those elements are "'the existence of a duty, a breach of that duty, and that the breach was the proximate cause of an injury.'" *Everett v. Parma Hts.*, 8th Dist. Cuyahoga No. 99611, 2013-Ohio-5314, ¶ 15, quoting *Nelson v. Cleveland*, 8th Dist. Cuyahoga No. 98548, 2013-Ohio-493, ¶ 22.

{¶ 19} To apply the physical defect exception to general immunity, appellant must demonstrate that: (1) Joan's death was caused by employee negligence; (2) "the negligence occurred within a building used in connection with a governmental function; and (3) the death was due, in part, to a physical defect within the building." *Kerber v. Cuyahoga Hts.,* 8th Dist. Cuyahoga No. 102419, 2015-Ohio-2766, ¶ 20.

{¶ 20} Appellant contends that Marty Compton, the Center's Director ("Compton"), negligently or recklessly selected and placed benches with legs that extended 5.75 inches beyond the bench seat in a small locker room, thereby creating a hazard that proximately caused Joan's death. Appellant further contends that the bench with extended legs constituted a physical defect and that Dir. Compton and

other employees had actual knowledge of that fact through personal observation and member complaints.

### B. Physical Defect

{¶ 21} In his second assignment of error, appellant contends the trial court erred in not finding that a physical defect existed under R.C. 2744.02(B)(4). This court agrees.

{¶ 22} In *Doe v. Greenville City Schools*, 171 Ohio St.3d 763, 2022-Ohio-4618, 220 N.E.3d 763, two students sued the high school alleging "Greenville negligently caused their injuries when they suffered severe burns" "after a bottle of isopropyl alcohol caught fire and exploded in a science class." *Id*. at ¶ 2.

> The students alleged in part that Greenville failed to provide proper safety equipment, "especially, but not limited to, a fire extinguisher inside the classroom," failed to ensure that there were proper safety features and protocols in place, failed to properly supervise and protect them, and to the extent that Greenville exercised discretion, Greenville did so "maliciously, in bad faith and in a reckless and wanton manner."

*Id.* The Second District and trial court agreed that, based on *Moore v. Lorain Metro. Hous. Auth.*, 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, "the allegations of the students' complaint, if taken as true, set forth a claim upon which relief could be granted." *Id*. at ¶ 5, citing *Doe v. Greenville City Schools*, 2021-Ohio-2127, 174 N.E.3d 917, ¶ 27 (2d Dist.).

{¶ 23} The issue posed to the Ohio Supreme Court was "whether the absence of a fire extinguisher or other safety equipment within a building of a political subdivision could be a physical defect such that an exception to immunity exists under R.C. 2744.02(B)(4)." *Id*. at ¶ 1. "The phrase 'physical defect' is not statutorily

defined, and" the Ohio Supreme Court "has never defined it within the context of R.C. 2744.02(B)(4). Terms that are undefined by statute are given their plain, common, and ordinary meaning." *Doe* at ¶ 21, citing *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 46, citing R.C. 1.42. "'It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation.'" *Id.*, quoting *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, 81 N.E.3d 1242, ¶ 11, quoting *Wingate v. Hordge*, 60 Ohio St.2d 55, 58, 396 N.E.2d 770 (1979), citing *Provident Bank v. Wood*, 36 Ohio St.2d 101, 304 N.E.2d 378 (1973).

{¶ 24} *Doe* recognized that since the court's decision in *Moore,* "appellate courts have expressed varied opinions on what constitutes a 'physical defect.' *Doe,* 171 Ohio St.3d 763, 2022-Ohio-4618, 220 N.E.3d 763, at ¶ 24, citing *Moore*, 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606. In *Moore*, the court remanded the question of whether the absence of a required smoke detector constituted a physical defect to the trial court which did not fully consider the issue. *Id.* at ¶ 17, citing *id.* at ¶ 25.

{¶ 25} The court noted that multiple districts, including this one, have defined a physical defect under R.C. 2744.02(B)(4) as """a perceivable imperfection that diminishes the worth or utility of the object at issue.""" *Id.* at ¶ 22, quoting *R.K. v. Little Miami Golf Ctr.*, 2013-Ohio-4939, 1 N.E.3d 833, ¶ 16 (1st Dist.), quoting *Hamrick v. Bryan City School Dist.*, 6th Dist. Williams

No. WM-10-014, 2011-Ohio-2572, ¶ 28.[4] Some appellate courts have held that the lack of a safety feature could be a physical defect, while others have not. *Id.* at ¶ 25. Other districts have held that a physical defect could exist where an existing structure or piece of equipment was damaged. *Id.* at ¶ 22-26.

{¶ 26} The court reiterated that "R.C. 2744.02(B)(4) requires that two separate elements be met — the injuries must be caused both (1) by a political subdivision's employee's negligence, and (2) by a physical defect 'within or on the grounds of, buildings that are used in connection with the performance of a governmental function.'" *Doe* at ¶ 27, quoting *id.*

{¶ 27} *Doe* did not reject the varied schools of thought, but addressing the question before it, determined that the absence of a fire extinguisher or other safety equipment within a science classroom could be a physical defect such that an exception to immunity could exist under R.C. 2744.02(B)(4). *Id.* at ¶ 28. The case was remanded to the trial court. [5]

---

[4] "[S]ee also *Leasure v. Adena Local School Dist.*, 2012-Ohio-3071, 973 N.E.2d 810, ¶ 19 (4th Dist.); *Duncan v. Cuyahoga Community College*, 2012-Ohio-1949, 970 N.E.2d 1092, ¶ 26 (8th Dist.); *Gibbs v. Columbus Metro. Hous. Auth.*, 10th Dist. Franklin No. 11AP-711, 2012-Ohio-2271, ¶ 13."

[5] This court is aware that the following proposition of law is currently pending in the Ohio Supreme Court: "The use of a low deck lifeguard chair and non-use of an available elevated chair cannot constitute a physical defect within or on the grounds of buildings used in connection with governmental functions to establish an exception to political subdivision immunity under R.C. 2744.02(B)(4)." *Hoskins v. Cleveland*, 172 Ohio St.3d 1462, 2024-Ohio-163, 225 N.E.3d 1014, *appeal pending*, *Hoskins v. Cleveland*, Case No. 2023-1344.

{¶ 28} In *Jacobs v. Oakwood*, 8th Dist. Cuyahoga No. 103830, 2016-Ohio-5327, Jacobs and his niece were swinging at the Oakwood Village Community Park when the chain attached to Jacobs's swing seat broke and Jacobs was injured. He argued that the "'employees were negligent in installing a residential swing for use by children only in the municipal park; in failing to discover and correct this mistake; and in failing to warn that the swing was not to be used by adults.'" *Id.* at ¶ 13. Jacobs contended there was a genuine issue of material fact "as to whether [his] injury was due to a 'physical defect' because the swing used in the park was not fit for its intended purposes, and no warnings were posted that it was fit only for children to use." *Id.*

{¶ 29} There we observed that a "'physical defect' is defined as a perceivable imperfection that diminishes the worth or utility of the object at issue." *Id.* at ¶ 16, citing *Candidate v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 101753, 2015-Ohio-880, ¶ 19.[6] Furthermore, "'the R.C. 2744.02(B)(4) physical defect exception may apply if the instrumentality that caused appellee's injury did not operate as intended due to a perceivable condition or if the instrumentality contained a perceivable imperfection that impaired its worth or utility.'" *Id.* at ¶ 16, quoting *Jones v. Delaware City School Dist. Bd. of Edn.*, 2013-Ohio-3907, 995 N.E.2d 1252, ¶ 22 (5th Dist.). We concluded there was a "genuine issue of material fact regarding whether the city's installation of a residential-grade swing, fit for use

---

[6] *See also Moncrief v. Bohn*, 2014-Ohio-837, 9 N.E.3d 508 (8th Dist.); *Leasure v. Adena Local School Dist.*, 2012-Ohio-3071, 973 N.E.2d 810 (4th Dist.).

by one child only, on the playground caused the equipment to not operate as intended." *Id.*

{¶ 30} In this case, appellant's expert Richard L. Zimmerman, ("Zimmerman"), a registered architect and expert witness in architecture, code compliance, construction, and accessibility and human factors, prepared a report and affidavit. Zimmerman averred that the base legs of the bench extended into the "normal, expected, and foreseeable area of anyone using or walking by the bench, especially in narrow, cramped, or crowded locker rooms" and the benches were "not the type of benches typically used in locker rooms." Zimmerman also opined that the bench legs directly and proximately caused Joan's fall.

{¶ 31} The record reflects that at least 14 of appellees' members confirmed via sworn affidavits and deposition testimony that the benches posed a danger. Several stated they tripped over the benches. A bench that supports one's weight that also possesses legs that extend into the aisles in a small or crowded locker room that appellees knew would be utilized by women of all ages, including elderly women attending senior activities, "'may reasonably be considered by a jury to constitute a perceivable imperfection that impaired its worth or utility.'" *Jacobs* at ¶ 16, quoting *Candidate* at ¶ 19.

{¶ 32} The second assignment of error is sustained.

## C. Notice, Open and Obvious

{¶ 33} In the first and fifth assignments of error, appellant argues that appellees had actual and constructive notice that the bench legs posed a tripping

hazard and that the hazard posed by the bench legs was not open and obvious. We combine the errors for ease of analysis.

{¶ 34} "'"[W]here negligence revolves around the question of the existence of a hazard or defect, the legal princi[ple] prevails that notice, either actual or constructive, of such hazard or defect is a prerequisite to the duty of reasonable care."'" *Boucher v. Cleveland*, 8th Dist. Cuyahoga No. 112079, 2023-Ohio-1818, ¶ 37, quoting *Vasquez-Cromer v. Toledo*, 6th Dist. Lucas No. L-181266, 2019-Ohio-5149, ¶ 17, quoting *Heckert v. Patrick*, 15 Ohio St.3d 402, 405, 473 N.E.2d 1204 (1984).

{¶ 35} The incident in the instant case occurred on April 18, 2018. There were 14 complaints that the extended bench legs posed a hazard. Two of the complainants filed written complaints about the bench on April 15, and April 16, 2018, and others stated at deposition or via affidavit that they tripped over the bench legs more than once notwithstanding that the benches had been moved closer to the lockers to provide clearance for the walkway.

{¶ 36} One of the complainants saw Joan lying on the locker room floor being attended to by several people and was told that Joan had tripped on one of the bench feet. At least one of the complainants said the benches were too large for the area, not sturdy, and moved when one tried to sit down because they were not secured to the floor. Complainants informed staff members that the benches were dangerous and someone was going to get hurt. The employees responded that they would take the information and pass it along.

{¶ 37} Appellees respond that "neither Berea nor [Dir. Compton] * * * had notice of the potentially fatal danger of the bench installed in the women's locker room." Brief of appellee, p. 13. According to the record, employees were required to report complaints to Dir. Compton, and several of the complainants were assured that their complaints had been passed on. The evidence also reflects that a log system was implemented to record and address complaints received by appellees, and four general complaints were received the week prior to the incident.

{¶ 38} Notice may also be constructive:

> A political subdivision may be charged with constructive notice where it appears that the defect or condition existed in such a manner as it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that it would have created a reasonable apprehension of a potential danger if it had been discovered. *Fedarko v. Cleveland*, 8th Dist. Cuyahoga No. 100223, 2014-Ohio-2531, ¶ 31, 12 N.E.3d 1254, citing *Tyler v. Cleveland*, 129 Ohio App.3d 441, 717 N.E.2d 1175 (8th Dist.1998) (finding a genuine issue of fact as to whether city had constructive notice of hazardous manhole cover where evidence showed the cover had become worn and the condition did not develop in a short period of time).

*Dickerson v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga Nos. 100650 and 100943, 2014-Ohio-4672, ¶ 19.

{¶ 39} Appellees also counter that appellant misconstrued the witnesses' statements and that appellees owed no duty of care or to warn because the condition was open and obvious, citing *Dynowski v. Solon*, 183 Ohio App.3d 364, 2009-Ohio-3297, 917 N.E.2d 286 (8th Dist.). "[T]he open and obvious nature of the hazard itself serves as a warning, and that the owner or occupier may reasonably expect that

persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Id.* at ¶ 34.

{¶ 40} Appellees add that attendant circumstances do not apply in this case to defeat the open-and-obvious doctrine. *Humble v. Boneyard Westlake, L.L.C.*, 8th Dist. Cuyahoga No. 104348, 2016-Ohio-8149, ¶ 8. We do not find that to be the case.

> Attendant circumstances are typically distractions that would draw a person's attention away from the open and obvious danger, thus reducing the degree of ordinary care that person may exercise at the time. *See Johnson v. Regal Cinemas, Inc.*, 8th Dist. Cuyahoga No. 93775, 2010-Ohio-1761. "'Attendant circumstances' refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event." *Klauss v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306, ¶ 20.
>
> Ohio courts have held that "a plaintiff who claims attendant circumstances must be able to point out differences between ordinarily encountered conditions and the situation that actually confronted the plaintiff. The breadth of the attendant circumstances exception does not encompass the common or the ordinary." *Cooper v. Meijer Stores L.P.*, 10th Dist. Franklin No. 07AP201, 2007-Ohio-6086, ¶ 17.

*Walworth v. Khoury,* 8th Dist. Cuyahoga No. 109898, 2021-Ohio-3458, ¶ 28, quoting *Humble v. Boneyard Westlake, L.L.C.,* 8th Dist. Cuyahoga No. 104348, 2016-Ohio-8149, ¶ 8-9.

{¶ 41} The record reflects that there were complaints by individuals prior to Joan's injury who were injured, almost injured and/or who reported their concerns regarding the danger posed by the extended legs of the bench to appellees' employees. There is also evidence that the benches were moved closer to the lockers in an attempt to resolve the problem and create a wider locker room walkway.

Expert Zimmerman averred that the legs were not open or obvious and were obscured by the bench seating surface, other occupants, and their clothes and belongings.

{¶ 42} "When only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law." *Dynowski*, 183 Ohio App.3d 364, 2009-Ohio-3297, 917 N.E.2d 286, ¶ 28 (8th Dist.), citing *Klauss v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306. However, "where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine." *Glassman* at ¶ 18. There are also genuine issues of material fact on the issue of notice. This court finds that reasonable minds could differ.

{¶ 43} The first and fifth assignment of errors are sustained.

### D. Discretion in Using Equipment, Recklessness

{¶ 44} Appellant argues under the third assignment of error that discretion in using equipment does not apply to restore immunity under R.C. 2744.03(A)(5) in this case. Appellant also challenges the trial court's decision insofar as it did not find that appellee and its agents were reckless as a matter of law pursuant to R.C. 2744.03(A)(5) and 2744.03(A)(6)(b) as the fourth assignment of error. We combine the errors for the purpose of efficiency.

{¶ 45} R.C. 2744.03(A)(5) provides:

(5) The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of

judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶ 46} Appellees responded that it was exercising discretion in replacing the benches and denies it was engaged in fixing hazards, making repairs, or conducting other activities that fail to restore immunity. According to appellee, Dir. Compton researched benches on Google and looked at approximately 15 different models. Dir. Compton selected the benches in question because: (1) they were antimicrobial which was important due to the condensation problems in the locker room; (2) they were movable making them more compatible with the new cleaning machine and easier for one person to move; and (3) seven and one-half foot benches fit in the room. Appellees maintain that it was exercising judgment or discretion in determining whether to acquire and/or how to use equipment when Dir. Compton selected the portable benches that allegedly caused Joan's fall.

{¶ 47} "A discretionary act under R.C. 2744.03 involves a heightened amount of official judgment or discretion." *Toros v. Cuyahoga Cty. Bd. of Dev. Disabilities*, 8th Dist. Cuyahoga No. 99637, 2013-Ohio-4601, ¶ 33, citing *Inland Prods., Inc. v. Columbus*, 193 Ohio App.3d 740, 2011-Ohio-2046, 954 N.E.2d 141, ¶ 62 (10th Dist.). "Routine decisions that require little judgment or discretion and that, instead, portray inadvertence, inattention, or unobservance do not create a defense to liability." *Id.*, citing *Frenz v. Springvale Golf Course & Ballroom*, 8th Dist. Cuyahoga No. 97593, 2012-Ohio-3568.

{¶ 48} "'Once a decision is made, * * * the government entity still can be liable for the negligent implementation of its decision.'" *Ohio Bell Tel. Co. v. Cleveland*, 8th Dist. Cuyahoga No. 98683, 2013-Ohio-270, ¶ 15, quoting *Seiler v. Norwalk*, 192 Ohio App.3d 331, 2011-Ohio-548, 949 N.E.2d 63, ¶ 115 (6th Dist.), citing *Enghauser Mfg. Co. v. Eriksson Eng. Ltd.*, 6 Ohio St.3d 31, 32, 451 N.E.2d 228 (1983).

{¶ 49} "[C]ourts have construed the R.C. 2744.03(A)(5) discretionary defense narrowly." *Williams v. Brewer*, 8th Dist. Cuyahoga No. 93829, 2010-Ohio-5349, ¶ 22 (Conway Cooney, J., dissenting), citing *Hallett v. Stow Bd. of Edn.*, 89 Ohio App.3d 309, 313, 624 N.E.2d 272 (1993) ("[T]he exceptions to liability found in R.C. 2744.03 must be read more narrowly than the exceptions to nonliability found in R.C. 2744.02(B) in order for the structure chosen by the legislature to make sense.").

{¶ 50} It is also true that "subsection (5)" does not restore immunity "if the judgment or discretion was exercised in a wanton or reckless manner." *Kerber*, 8th Dist. Cuyahoga No. 102419, 2015-Ohio-2766, at ¶ 29. Reckless conduct has been defined by the Ohio Supreme Court as conduct "characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, paragraph four of the syllabus.

{¶ 51} "Generally, whether an employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner are questions of fact." *Kerber* at ¶ 31, citing *Long v. Hanging Rock*, 4th Dist. Lawrence No. 09CA30, 2011-Ohio-5137, ¶ 17.

{¶ 52} Based on the facts of this case, we find that genuine issues of material fact exist on whether discretion was involved restoring immunity under R.C. 2744.03(A)(5) or whether reckless conduct barred restoration.

{¶ 53} Finally, appellee states appellant's reliance on R.C. 2744.03(A)(6)(b) as an avenue to liability is misplaced. The statute provides in relevant part:

> (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
>
> (6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, *the employee is immune from liability unless one of the following applies: * * ***
>
> (b) The *employee's acts or omissions* were [made] with malicious purpose, in bad faith, or in a wanton or reckless manner.

(Emphasis added.) *Id.*

{¶ 54} "R.C. 2744.03(A)(6)(b) provides immunity to political-subdivision *employees* for acts or omissions not committed in a wanton or reckless manner." (Emphasis added.) *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, ¶ 2. *See also Wilkins v. Harrisburg*, 10th Dist. Franklin Nos. 18AP-809 and 19AP-386, 2020-Ohio-886, ¶ 14 ("R.C. 2744.03(A)(6) sets forth the

immunity of employees of political subdivisions and the exceptions thereto.").  Thus, the argument lacks merit in this case.

{¶ 55} The third and fourth assignments of error are sustained.

**E.  Anticipatory Release**

{¶ 56} Additionally, appellant contends that summary judgment was not proper under the Center's claim that the anticipatory release was enforceable and thus barred all claims of liability.  We sustain the error.

{¶ 57}  The Center's application package is entitled "Silver Sneakers Membership Application" "Healthways Silver Sneakers® Fitness Program" "City of Berea Department of Recreation."[7]  The pertinent language provides:

> RELEASE OF LIABILITY, HOLD HARMLESS AND INDEMNIFICATION
>
> I desire to engage voluntarily in any activities at the City of Berea Recreation Center for enjoyment and to improve my health. I understand that I am responsible for monitoring my own health condition throughout any recreational activity and/or exercise program.
>
> IN SIGNING THIS CONSENT FORM, I AFFIRM THAT I HAVE READ IT IN ITS ENTIRETY
>
> Waiver and Release:  In consideration of the City of Berea granting me, other family members and minor children, if any, permission to engage in activities at the Berea Recreation Center, I (we) agree to assume the risk of such activity and further agree to hold harmless and indemnify the City of Berea, its employees and agents from all claims, suits, losses or related courses of action for damages, including but not limited to such claims that may result in my (our) injury or death, accidental or

---

[7] "Silver Sneakers is a health and fitness program designed for adults 65 and over + that's included with many Medicare Advantage plans." https://www.silversneakers.com/blog/silversneakers-questions-answered/.

otherwise, during or arising in any way from my (our) participation in any activity at the Berea Recreation Center. I (we) understand that the City of Berea is not responsible for loss or damage to personal property. I (we) also assume the risk of all dangerous conditions in and about the City of Berea Recreation Center and other property owned by the City and waive any and all specific notice of the existence of such dangerous conditions, if any. I (we) permit the taking of photographs and/or videos of me (us) during activities at the Recreation Center for publication in brochures, website, and additional uses as the City deems necessary. This release bars claims by the undersigned's children, heirs, assigns, executors, and administrators.

I (we) agree to follow all rules and regulations of the Berea Recreation Center and understand that violations of these rules or regulations may result in suspension, expulsion, or termination of membership.

I understand that memberships are non-refundable and non-transferable.

The document appears to contain the signature of Joan H. Steigerwald, indicating that the date is "2/15" and was "validated" by the Center on "2/16/16."

{¶ 58} Appellees maintain the release executed by Joan when she joined the Center bars liability for recreational activities and is enforceable in Ohio. Though possibly enforceable, "'"[r]eleases from liability for future tortious conduct are generally not favored by the law and are narrowly construed."'" *Goss v. USA Cycling, Inc.*, 2022-Ohio-2500, 193 N.E.3d 599, ¶ 21 (8th Dist.), quoting *Reo v. Allegiance Admrs. L.L.C.*, 11th Dist. Lake No. 2017-L-112, 2018-Ohio-2464, ¶ 20, quoting *Brown-Spurgeon v. Paul Davis Sys. of Tri-State Area, Inc.*, 12th Dist. Clermont No. CA2012-09-069, 2013-Ohio-1845, ¶ 50, citing *Glaspell v. Ohio Edison Co.*, 29 Ohio St.3d 44, 46-47, 393, 505 N.E.2d 264 (1987).

{¶ 59} "[E]xculpatory clauses, which relieve a party from its own negligence, are not against public policy despite being disfavored in the law." *Goss* at ¶ 39, citing

*Papenfuse v. Toledo Area Regional Transit Auth.*, 6th Dist. Lucas No. L-14-1178, 2015-Ohio-3193, ¶ 6. Depending on the facts, such a clause may be enforced except where "'the language is against important public policy concerns, unconscionable, or vague and ambiguous.'" *Id.*, quoting *Morantz v. Ortiz*, 10th Dist. Franklin No. 07AP-597, 2008-Ohio-1046, ¶ 27.

{¶ 60} The intent to release a party from liability for its negligence must be clear and unambiguous. *Id.* at ¶ 20, citing *Holmes v. Health & Tennis Corp. of Am.*, 103 Ohio App.3d 364, 367, 659 N.E.2d 812 (1st Dist.1995), citing *Tanker v. N. Crest Equestrian Ctr.*, 86 Ohio App.3d 522, 621 N.E.2d 589 (9th Dist.1993). "As with contracts in general, these clauses are to be strictly construed against the drafter unless the language is clear and unambiguous. When the terms of the contract are clear and unambiguous, the interpretation is a matter of law." *Pruitt v. Strong Style Fitness*, 8th Dist. Cuyahoga No. 96332, 2011-Ohio-5272, ¶ 9, citing *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 246, 374 N.E.2d 146 (1978).

{¶ 61} "'The pivotal inquiry is whether it is clear from the general terms of the entire contract, considered in light of what an ordinary prudent and knowledgeable party of the same class would understand, that the proprietor is to be relieved from liability for its own negligence.'" *Goss*, 2022-Ohio-2500, 193 N.E.3d 599, at ¶ 23, quoting *Hague v. Summit Acres Skilled Nursing & Rehab.*, 7th Dist. Noble No. 09 NO 364, 2010-Ohio-6404, ¶ 22.

{¶ 62} An express assumption of the risk is present where parties expressly agree in writing to release liability. *Goss* at ¶ 19, citing *Crace v. Kent State Univ.*,

185 Ohio App.3d 534, 2009-Ohio-6898, 924 N.E.2d 906, ¶ 11 (10th Dist.), citing *Ballinger v. Leaniz Roofing, Ltd.*, 10th Dist. Franklin No. 07AP-696, 2008-Ohio-1421, ¶ 6. An express assumption of the risk is invalid where damages or injuries are caused by wanton or willful misconduct.[8] *Id.* at ¶ 40.

{¶ 63} In addition, "'[f]or express assumption of risk to operate as a bar to recovery, the party waiving his right to recover must make a conscious choice to accept the consequences of the other party's negligence.'" *Id.* at ¶ 20, citing *State Farm Fire & Cas. Co. v. Scandinavian Health Spa, Inc.*, 104 Ohio App.3d 582, 586, 662 N.E.2d 890 (1st Dist.1995), citing *Anderson v. Ceccardi*, 6 Ohio St.3d 110, 114, 170, 451 N.E.2d 780 (1983).

{¶ 64} "The crucial question is whether a party, considering his education or lack of it, had a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze of fine print." *DeVito v. Autos Direct Online, Inc.*, 2015-Ohio-3336, 37 N.E.3d 194, ¶ 19 (8th Dist.), citing *Lake Ridge Academy v. Carney*, 66 Ohio St.3d 376, 383, 613 N.E.2d 183 (1993).

{¶ 65} "[C]ourts have held that the intent of the parties is a factual matter for the jury" "where the language of the release is ambiguous *or too general*." ( Emphasis added.) *Goss*, 2022-Ohio-2500, 193 N.E.3d 599, at ¶ 23, citing *Hague*,

---

[8] Willful misconduct, wanton misconduct, and recklessness "describe different and distinct standards of care and are not interchangeable." *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, ¶ 31. "[T]he violation of a statute, ordinance, or departmental policy enacted for the safety of the public is not per se willful, wanton, or reckless conduct, but may be relevant to determining the culpability of a course of conduct." (Citations omitted.) *Id.* at ¶ 37.

7th Dist. Noble No. 09 NO 364, 2010-Ohio-6404, at ¶ 21.  Based on the unique facts of this case, reviewing the waiver language in a light most favorable to the nonmoving party, we find that there are general issues of material fact.

{¶ 66} The sixth assignment of error is sustained.

## V.    Conclusion

{¶ 67}   The trial court's judgment is reversed, and the case is remanded for further proceedings pursuant to this opinion.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, A.J., CONCURS;
LISA B. FORBES, J., CONCURS IN JUDGMENT ONLY